LUCINDA E. BLANCHARD

*v.*

ISAAC N. MAYNARD *et al.*

*Filed at Ottawa May 12, 1882.*

1. WILL—*time when title vests in beneficiaries.* A testator devised all his estate, real, personal and mixed, to two persons, in trust, to take care of and manage the same, declaring the trust should continue for ten years after his death, and no longer, and then provided: "It is my will that at the expiration of the trust hereinbefore declared, that is to say, at the end of ten

years after my decease, all of my said estate then remaining, and the income thereof, shall be distributed and vest in my three sons," naming them, "and their heirs, and I do hereby give, devise and bequeath the same to them; but in case that either of my said three sons should die leaving no issue of their bodies, then I give, devise and bequeath my estate to the survivor of them:" *Held*, that no title under the will was intended to be vested in either of the testator's sons until ten years after his death, and that the widow of one of the sons who died before that time leaving no issue of his body, took no estate as heir of her husband, or dower as his widow, in the testator's real estate.

2. SAME—*construction—intent as gathered from will alone governs.* In construing wills the intention of the testator must govern when ascertained, and this intention must be sought for in the language of the will itself, without the aid of extraneous evidence.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. CHARLES H. ROBERTS, and Messrs. MANAHAN & WARD, for the appellant:

1. We contend that on the death of the testator the beneficial interest in the estate vested at once in the three sons, subject only to the chattel interest of the trust term.

2. That the real estate vested subject to be divested by a sale by the trustees, which power not having been exercised, ended with their term.

3. That the clause of survivorship is void for repugnancy, except as to deaths in the testator's lifetime.

4. That a clause of unrestricted survivorship in case of death without issue, is void for remoteness, and the clause of survivorship is unintelligible.

5. That the terms of survivorship refer to the death of the testator.

That the beneficial interest vested at once in these sons on the death of the testator, see *Boraston's Case*, 3 Coke, 19; *Richardson* v. *Power*, 33 Beav. 163; *Moore* v. *Lyons*, 25 Wend. 143; *Collier's Will*, 40 Mo. 287; *Doe* v. *Prigg*, 8 Barn. & Cress. 689; *Doe* v. *Considine*, 6 Wall. 471; *Hansford* v. *Elliott*, 9 Leigh, 79; *Coxall* v. *Sherard*, 5 Wall. 268; *Blanch-*

*ard v. Blanchard,* 1 Allen, 223; *Duryea* v. *Duryea,* 85 Ill. 41; *King* v. *Isaacson,* 1 Sm. & Gif. 371; *Hempstead* v. *Dickson,* 20 Ill. 193; *Illinois Land and Loan Co.* v. *Bonner,* 73 id. 325; *Hunt* v. *McCartney,* 18 id. 130; *Nicoll* v. *Scott,* 99 id. 539.

That the interest vests when the gift is independent of the clause of distribution, see *King* v. *Isaacson,* 1 Sm. & Gif. 371; *In re Bartholomew,* 1 Mac. & G. 353; *Nicoll* v. *Scott,* 99 Ill. 539.

So, too, when there is a receipt of profits during the intermediate term. *Eldridge* v. *Eldridge,* 9 Cush. 516; *Hansford* v. *Elliott,* 9 Leigh, 79.

A clause of survivorship to survivors and their heirs in case of death without issue, extending to an indefinite failure of issue, has always been held void for remoteness.

As to personalty, see 3 Jarman on Wills, (Rand. & Talc. ed.) 318, 330; *Kirkpatrick* v. *Kirkpatrick,* 13 Vesey, Jr. 476; *Massey* v. *Hudson,* 2 Merrivale, 130.

As to realty, see *Beauclerk* v. *Darmer,* 2 Atk. 308; *Barlow* v. *Salter,* 17 Vesey, Jr. 483; *Saltern* v. *Saltern,* 2 Atk. 376; *Williams* v. *Jekyl,* 2 Vesey, Sr. 682; *Ide* v. *Ide,* 5 Mass. 499; *Patterson* v. *Ellis,* 11 Wend. 266; *Hall* v. *Chaffee,* 14 N. H. 220.

That the will devises real estate, and if it did not it is marked by all those elements which have led courts to depart from the doctrine of *Cripps* v. *Wolcott,* see *Nicoll* v. *Scott,* 99 Ill. 538; *Doe* v. *Prigg,* 8 Barn. & Cress. 221; *Passmore's Appeal,* 23 Pa. St. 382.

Messrs. J. P. & T. R. WILSON, for the appellees:

The words "of survivorship," in the eighth article of the will, should be referred to the period fixed by the will for the distribution of the estate. *Ridgeway et al.* v. *Underwood et al.* 67 Ill. 419; *Blatchford et al.* v. *Newberry et al.* 99 id. 11; 2 Jarman on Wills, 462; *Knight* v. *Poole,* 32 Beav. 548;

*Stevenson* v. *Gullon,* 18 id. 590; *Spurrell* v. *Spurrell,* 11 Hare, 54; *Young* v. *Robertson,* 8 Jur. N. S. 825; *Linton* v. *Boyd,* 19 Ohio St. 30; *Olney* v. *Hull,* 21 Pick. 311; *Teed* v. *Morton,* 60 N. Y. 503; 2 Williams on Executors, (7th ed.) 1576.

The clause of survivorship is not unintelligible. The rule of law is well settled that where two clauses or gifts are irreconcilable, and can not stand together, the clause which is last must prevail. 1 Jarman on Wills, 397; Redfield on the Law of Wills, 443.

The will vested the fee in the premises in the trustees. A power of sale, even on a contingency, confers a fee. Lewin on Trusts, 251; Perry on Trusts, sec. 315.

Mr. JUSTICE WALKER delivered the opinion of the Court:

About the 17th day of December, 1867, one Seth Blanchard died, the owner of some lots in the city of Chicago, with other property. Previous to his death he made and executed his will, which was duly probated after his death. By it he devised all of his property, real, personal and mixed, of every description, to Wm. A. Allen and O. F. Roler, in trust, to take care of and manage the same; to have and receive the rents, issues, income and profits, and out of the same to pay all taxes, assessments, premiums on insurance, interest on incumbrances, repairs, and out of the estate to discharge incumbrances, with full and ample power and authority to sell and convey or to mortgage, or both, all or any portion of the estate, but only for the purpose of raising money to extinguish debts and incumbrances thereon, or to improve the property in case of loss by fire, etc. He declared the trust should continue for ten years after the time of his death, and no longer. The eighth clause is this: "It is my will that at the expiration of the trusts hereinbefore declared, that is to say, at the end of ten years after my decease, all of my said estates then remaining, and the income thereof, shall be distributed, and shall vest in my three sons, Samuel

A. Blanchard, Henry S. Blanchard and Joseph G. Blanchard, and their heirs, and I do hereby give, devise and bequeath the same to them; but in case that either of my said three sons should die leaving no issue of their bodies, then I give, devise and bequeath my estate to the survivor of them and their heirs."

About the first day of February, 1867, Joseph G. married appellant, and died on the 13th of May, 1873, intestate, leaving no child or descendants of a child surviving him, but leaving appellant, his widow. After the death of Joseph G., Henry conveyed the premises to Samuel, and he and his wife, on the 18th of October, 1879, conveyed to I. N. Maynard, and he, on the 15th of March, 1880, conveyed a portion of the premises to appellees Adams and Spaulding. On the 4th day of June, 1881, appellant filed this bill, setting up the facts as here stated, claiming to be the owner in fee of an undivided one-sixth part of the property, and to have dower in another undivided sixth part. Defendants filed a demurrer to the bill, and on a hearing it was sustained by the court, and the bill was dismissed. From that decree complainant appeals to this court, and urges a reversal.

The whole controversy turns on the true construction of the eighth clause of the will. Appellant claims that by its provisions Joseph, her husband, immediately on the death of the testator, took a fee simple estate in the premises, and having died without children or descendants of children, and leaving her his widow, she, under the statute, took one-half of his third in fee, and her dower in the other half of that third. Appellees contend that under that clause the trustees took an estate in the premises, to hold until the period for distribution should arrive, and then the fee to vest in the devisees or the survivors, or the children of such as might have died before the period arrived,—that this being the true construction of the clause, the title vested in Henry and Samuel, and they, by *mesne* conveyances, hold the fee.

In giving construction to wills, the intention of the testator, as manifested by the instrument itself, when ascertained, must control. This rule is coeval with wills themselves. It is the purpose of the law enabling men to make wills, that they may dispose of their property that it may descend according to their intention. Any other rule would defeat the great object of permitting the disposition of their estates by will. It is then the duty of courts to ascertain and enforce that intention, and in doing so they are confined to the will itself, and are precluded from seeking aid from extraneous evidence. What, then, was the testator's intention as expressed in this will? By the second clause he devises and bequeaths all of his property of every kind to the persons named as trustees. The language of the devise is broad and comprehensive. If it were not limited by the trusts imposed in what follows, they would have taken an absolute and unlimited fee. But he declares the title thus taken shall be to hold in trust for the purposes specified, and he in them declares, by the eighth clause, that when the trustees shall have held it for ten years after his death, all of his property then remaining, etc., shall vest in his three sons (naming them), and limits it to the survivors in case of the death of either leaving no heirs of his body. How and when to vest in them? In fee, of course, and at the end of ten years from the time of his death. That is the period testator fixed for the title to vest in his beneficiaries. He says so in terms plain and unmistakable. He does not say that the property shall then be distributed, or a division merely made, but it shall at that time vest in his three sons and their heirs. Of this there would seem not to be the slightest question. When he says the property shall then vest in them, it excludes every presumption that he intended that it should vest before or after that time. It unerringly points to and names that as the precise period when the title shall vest in them, because he in terms fixes that as the period when the

title shall vest, and not merely as the period when the property should be divided, and a mere distribution was not intended. If he only intended that it should be distributed at that time, why superadd the term that the property should then vest in the beneficiaries?

The word "survivor," used in the eighth clause, unmistakably refers to the period when the trust ceases, and not to the time of the death of testator. This is the only fair and reasonable construction that can be given to the language employed. It is its manifest import, and to hold otherwise would be too refined and constrained a construction. He was making provision for the title to pass from the trustees and to vest in the beneficiaries. He had, in a previous part of the same clause, fixed the time at ten years after his death as the period when the property should be distributed and vest in his three sons, or the survivor. If there is any doubt arising in the clause where the word "survivor" is used, it is fully explained by the previous part of the paragraph fixing the period when the title should vest in the beneficiaries, and that excluded and prevented it from vesting before the period named. There can be no question, from the language of the will, that testator intended that on his death the title should vest and remain in the trustees for ten years, and he says it should then vest in the beneficiaries. We can not, in the absence of clear and explicit language, suppose he intended the title to vest in both the trustees and the beneficiaries at the time of his death, but such a supposition is repelled by what he said in the eighth paragraph.

Again, and for the purpose, no doubt, of preventing such a construction, he devises the property in terms in joint tenancy, and not to them as tenants in common. This was done that in case of the death of either of the trustees the other should take the title held by the one deceased, by survivorship, thus investing in him the entire title. He thereby precluded all claim of descent or the vestiture of title in the

beneficiaries, until the time named for it to vest in them should arrive. He thus most clearly precluded the idea that the beneficiaries should in any event become invested with title, either in whole or in part, until the expiration of ten years after his death.

Counsel have shown much research, and have invoked much of the abstruse learning on the question of when a remainder shall be regarded as vesting in the grantee or donee, but we regard the cases as inapplicable to the construction of this will. Had testator not named the time specifically when the title should vest in the devisees, it may be the cases referred to might have been applicable, but we shall not now stop to inquire, as it would answer no beneficial end.

It then follows that Joseph G. Blanchard never was invested with such a title or interest in the property in controversy as could or did descend to his heirs. Hence it follows that appellant took neither a fee nor a dower estate in the premises, and the court below did not err in denying the relief prayed, and the judgment is affirmed.

*Judgment affirmed.*